UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UFP ATLANTIC DIVISION, LLC, a
Michigan limited liability company,

                Plaintiff,

    v.

ROUTE 299 RETAIL CENTER, LLC;
HIGHLAND SQUARE DEVELOPMENT
LLC; MICHAEL BARNETT; DENISE
BARNETT; M&C OF DUTCHESS, LLC;
P. SALA & SONS CONSTRUCTION, INC.;
TECTONIC ENGINEERING & SURVEYING
CONSULTANTS, P.C.; CREIGHTON
MANNING ENGINEERING LLP; and
JOHN DOE Nos. 1-10, said names being
fictitious and unknown to Plaintiff, the persons
or parties intended being any and all tenants,
occupants, persons or corporations, if any,
having or claiming an interest in or lien upon
the premises described in the Amended Complaint,

                Defendants.

**AMENDED ANSWER TO
AMENDED COMPLAINT**

Civil Action No.
1:12-CV-00053 (MAD/ATB)

---

      Defendants Route 299 Retail Center, LLC, ("Route 299"), Highland Square Development LLC, ("Highland"), Michael Barnett and Denise Barnett, by their attorneys, Hiscock & Barclay, LLP, as and for their Amended Answer to the Amended Complaint of plaintiff UFP Atlantic Division, LLC ("UFP Atlantic"), allege as follows:

      1.    Admit the allegations contained in paragraphs 3, 4, 5, 6, 13, 14, 15, 18, 19, 20, 21, 22, 23, 24, 25, 27, 32, 90, 91 and of the Amended Complaint.

      2.    Deny the allegations contained in the paragraphs 62, 68, 81, 82, 92, 93, 94, and 95 of the Amended Complaint.

6038020.1

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 2, 7, 8, 9, 10, 11, 12, 16, 17, 28, 29, 30, 31, 61, 70, 72, 73 and 83 of the Amended Complaint.

4. With respect to paragraph 1 of the Amended Complaint, admit so much of that paragraph that asserts that an action has been brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301, *et seq.*, to foreclose on the mortgage referenced therein, and deny that the relief requested in subparagraph (b) therein for judgment on a separate promissory note is an action properly asserted under the New York Real Property Actions and Proceedings Law.

5. With respect to paragraphs 26, 33, 34, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 60 and 89 of the Amended Complaint assert that the document referenced in each of the respective paragraphs speaks for itself.

6. With respect to paragraph 35 of the Amended Complaint, admit so much of that paragraph that asserts that defendants Route 299 and Highland signed a "Post-Closing Agreement", assert that the document speaks for itself and deny that the document further induced plaintiff to enter into financing arrangements.

7. With respect to paragraph 36 of the Amended Complaint, admit so much of the paragraph that asserts that defendant Michael Barnett executed an "Unlimited Continuing Guaranty" and assert that the document speaks for itself.

8. With respect to paragraph 37 of the Amended Complaint, admit so much of the paragraph that asserts that defendant Denise Barnett executed an "Unlimited Continuing Guaranty" and assert that the document speaks for itself.

9. With respect to paragraph 38 of the Amended Complaint, admit that plaintiff references the Note, Mortgage, Assignment of Life Insurance, Post-Closing Agreement and all related documents collectively as the "Loan Documents".

10. With respect to paragraph 57 of the Amended Complaint, admit so much of the paragraph that asserts that Route 299 and Highland have not made certain payments as set forth in the express terms of the Note and Mortgage but deny that the Note and Mortgage are enforceable.

11. With respect to paragraph 58 of the Amended Complaint, assert that the Mortgage document speaks for itself.

12. With respect to paragraph 59 of the Amended Complaint, admit so much of the paragraph that asserts that Mr. Barnett and Mrs. Barnett failed to pay the premium due on the referenced policy and assert that the Assignment of Life Insurance document speaks for itself.

13. With respect to paragraphs 63, 64, 65 and 66 of the Amended Complaint, admit that each defendant referenced in the respective paragraphs was notified of Events of Default by letter dated June 14, 2011, assert that the letter speaks for itself and deny the remaining allegations contained in each of the paragraphs.

14. With respect to paragraphs 67, 69, 71, 74, 75, 76, 79, 85 and 86 of the Amended Complaint assert that the paragraphs do not contain allegations of fact but rather declarations, conclusions of law and/or requests for relief, deny the right to such requests and deny the remaining allegations contained in the paragraph to the extent that they contain allegations of fact.

6038020.1

15. With respect to paragraph 77 of the Amended Complaint repeat and reallege the responses to paragraphs 1 through 76 as if fully set forth herein.

16. With respect to paragraph 78 of the Amended Complaint, admit that defendants Michael Barnett and Denise Barnett executed a Guaranty and asserts that the document speaks for itself.

17. With respect to paragraph 80 of the Amended Complaint repeat and reallege the responses to paragraphs 1 through 79 as if fully set forth herein.

18. With respect to paragraph 84 of the Amended Complaint repeat and reallege the responses to paragraphs 1 through 83 as if fully set forth herein.

19. With respect to paragraph 87 of the Amended Complaint repeat and reallege the responses to paragraphs 1 through 86 as if fully set forth herein.

20. With respect to paragraph 88 of the Amended Complaint, admit that Mr. Barnett and Mrs. Barnett executed and delivered to plaintiff the "Barnett Note", assert that the document speaks for itself and deny that the plaintiff funded the $650,000.00 referenced in the "Barnett Note".

21. Deny each and every other allegation contained in said Amended Complaint not herein before admitted, denied, or otherwise controverted.

**DEMAND FOR RELIEF**

**WHEREFORE,** the answering defendants demands a Judgment of this Court in its favor against plaintiff:

(a) dismissing the Amended Complaint in its entirety; and

(b) granting the answering defendants its costs and disbursements, attorney fees and such other and further relief that this Court may deem just and proper.

DATED: April 5, 2012

HISCOCK & BARCLAY, LLP

By: _____
F. Charles Dayter
Bar Roll No. 505374
*Attorneys for Defendants*
*Route 299 Retail Center, LLC, Highland Square Development LLC, Michael Barnett and Denise Barnett*
Office and Post Office Address
80 State Street
Albany, New York  12207-2830
Telephone: (518) 429-4273
Facsimile: (518) 533-2914
E-Mail: fdayter@hblaw.com

6038020.1