UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

UFP ATLANTIC DIVISION, LLC, a
Michigan limited liability company,

                                  Plaintiff,

             -against-

ROUTE 299 RETAIL CENTER, LLC;
HIGHLAND SQUARE DEVELOPMENT,
LLC; MICHAEL BARNETT; DENISE
BARNETT; M&C OF DUTCHESS, LLC;
P. SALA & SONS CONSTRUCTION, INC.,
TECTONIC ENGINEERING & SURVEYING
CONSULTANTS, P.C.; CREIGHTON
MANNING ENGINEERING LLP; and
JOHN DOE Nos. 1-10, said names being
fictitious and unknown to the Plaintiff, the persons
or parties intended being any and all tenants,
occupants, persons or corporations, if any,
having or claiming an interest in or lien upon
the premises described in the Amended Complaint,

                              Defendants.
-----------------------------------------------------------------------x

**VERIFIED ANSWER**
**TO THE AMENDED COMPLAINT**

Case No. 1:12-cv-053 MAD/ATB

     Defendant, TECTONIC ENGINEERING & SURVEYING CONSULTANTS, P.C. ("TECTONIC") by and through its attorneys, MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, as and for its Verified Answer to the Amended Complaint of the plaintiff, alleges the following upon information and belief:

<u>**NATURE OF ACTION**</u>

     1.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

## PARTIES

2.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

3.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

4.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

5.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

6.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

7.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

8.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

9.      Denies each and every allegation contained in paragraph "9" of the Amended Complaint, except admits that TECTONIC is a New York corporation with its principal place of business located at 70 Pleasant Hill Road, Mountainville, New York 10953.

10.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

11.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

12.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

## JURISDICTION AND VENUE

13.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

14.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

15.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

16.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

17.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

## FIRST CAUSE OF ACTION
### (Foreclosure Sale and Related Relief)

A.     **The Mortgaged Property**

18.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

19.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

20.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

21.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

22.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

23.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

24.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

**B.**     **The Loan Documents**

25.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

26.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

27.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

28.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

29.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

30.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

31.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

32.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

33.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

34.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

35.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

36.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

37.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

38.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

**C.      The Relevant Terms of the Loan Documents**

39.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

40.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

41.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

42.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

**Events of Default and Default Interest**

43.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

44.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

45.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

46.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

47.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

48.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

49.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

**Sale as One Parcel**

50.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

**Right to Rents and Appointment of a Receiver**

51.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

52.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

53.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "53" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

**UFP Atlantic's Rights to Expenses, Attorneys' Fees, and Other Costs**

54.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

55.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

56.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

**D.    Defendants' Defaults**

57.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

58.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

59.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

60.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

61.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "61" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

62.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

63.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

64.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "64" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

65.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "65" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

66.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "66" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

67.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

68.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "68" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

69.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "69" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

**E.    UFP Atlantic's Foreclosure Rights**

70.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "70" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

71.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "71" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

72.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "72" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

73.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "73" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

74.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "74" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

75.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "75" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

76.     Denies each and every allegation contained in paragraph "76" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
### (As Against Michael and Denise Barnett Personally)

77.     As and for a response to paragraph "77" of the Amended Complaint, TECTONIC repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "76" of the Amended Complaint as if fully set forth at length herein.

78.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "78" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

79.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "79" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

80.     As and for a response to paragraph "80" of the Amended Complaint, TECTONIC repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "79" of the Amended Complaint as if fully set forth at length herein.

81.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "81" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

82.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "82" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

83.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "83" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

84.     As and for a response to paragraph "84" of the Amended Complaint, TECTONIC repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "83" of the Amended Complaint as if fully set forth at length herein.

85.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "85" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

86.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "86" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

87.     As and for a response to paragraph "87" of the Amended Complaint, TECTONIC repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "86" of the Amended Complaint as if fully set forth at length herein.

88.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "88" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

89.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "89" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

90.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "90" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

91.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "91" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

92.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "92" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

93.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "93" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

94.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "94" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

95.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "95" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

96.     If the plaintiff has sustained any damages as alleged, which damages are expressly denied, then all such damages will have been caused or brought about in whole or in part by the affirmative wrongdoing, fault, negligence and failure of due care (hereinafter "culpable conduct") of plaintiff, and any recovery should be thereby diminished in the proportion which plaintiff's culpable conduct bears to the conduct which caused the alleged damages pursuant to CPLR 1411.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

97.     If it should be found after trial that the undersigned answering defendant is liable in the amount of fifty percent (50%) or less of the total liability assigned to all persons liable, then liability of the undersigned answering defendant for non-economic loss shall not exceed the undersigned answering defendant's equitable share of liability determined in accordance with the relative culpability of each entity causing or contributing to the total liability for non-economic loss in accordance with Article 16 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

98.     The injuries and damages allegedly sustained by the plaintiff a were not caused by any negligence, carelessness, culpable conduct or breach of duty on the part of the undersigned answering defendant, its agents, servants or employees, but were caused by reason of the negligence, carelessness, culpable conduct and/or breach of duty of third parties, their servants, agents or employees over whom the undersigned defendant exercised no direction or control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

99.     Whatever injuries and/or damages were sustained by the plaintiff at the time and place alleged in the complaint, such injuries and/or damages, if any, were in whole or in part the result of the plaintiff's assumption of the risk, including of known and/or open and obvious

conditions, and in realizing and knowing the hazards and dangers thereof, and the plaintiff assumed all of the risks necessarily incidental to such undertaking.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

100.    Plaintiff's damages, if any, were sustained as a result of intervening and/or superseding causes which were out of the control of the undersigned answering defendant and not the result of the conduct, acts or omissions of the undersigned answering defendant.  By virtue of said intervening and/or superseding causes, the plaintiff's damages were not proximately caused by the undersigned defendant and, therefore, the claims against said defendant should be dismissed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

101.    If the plaintiff's sustained any damages as alleged in the complaint, such damages were caused, aggravated or contributed to by the plaintiff's failure to take reasonable efforts to mitigate damages, and any award made to the plaintiff must be reduced in such proportion and to the extent that the damages complained of were caused, aggravated or contributed to by said failure to mitigate damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

102.    The complaint fails to set forth a cause of action as against the undersigned answering defendant.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

103.    Plaintiff is barred from recovering in this proceeding by the doctrines of laches, unclean hands, laches and equitable estoppel.

**AS AND FOR A COUNTERCLAIM AND CROSS-CLAIMS FOR FORECLOSURE OF MECHANIC'S LIEN AGAINST THE PLAINTIFF AND AGAINST ROUTE 299 RETAIL CENTER, LLC; HIGHLAND SQUARE DEVELOPMENT, LLC; MICHAEL BARNETT; DENISE BARNETT; M&C OF DUTCHESS, LLC; P. SALA & SONS CONSTRUCTION, INC., TECTONIC ENGINEERING & SURVEYING CONSULTANTS, P.C.; CREIGHTON MANNING ENGINEERING LLP; and JOHN DOE Nos. 1-10, said names being fictitious and unknown to the Plaintiff, the persons or parties intended being any and all tenants, occupants, persons or corporations, if any, having or claiming an interest in or <u>lien upon the premises described in the Amended Complaint</u>**

104.    Defendant TECTONIC is a corporation organized and existing under the laws of the State of New York, with offices located at 70 Pleasant Hill Road, Mountainville, New York 10953.

105.    Upon information and belief, HIGHLAND SQUARE DEVELOPMENT, LLC ("HIGHLAND SQUARE") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 10 Wintergreen Place, Hopewell Junction, New York 12533.

106.    Upon information and belief, ROUTE 299 RETAIL CENTER, LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business located at 10 Wintergreen Place, Hopewell Junction, New York 12533.

107.    Upon information and belief, UFP ATLANTIC DIVISION, LLC is a Michigan limited liability company with offices located at 2801 E. Beltline Avenue NE, Grand Rapids, Michigan 49525.

108.    Upon information and belief, P. SALA & SONS CONSTRUCTION, INC. is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 2775 Route 55, Poughquag, New York 12570.

109.    Upon information and belief, MICHAEL BARNETT resides at 10 Wintergreen Place, Hopewell Junction, New York 12533 and is a managing member of ROUTE 299 AND HIGHLAND SQUARE.

110.    Upon information and belief, DENISE BARNETT resides at 10 Wintergreen Place, Hopewell Junction, New York 12533 and is a managing member of ROUTE 299 AND HIGHLAND SQUARE.

111.    Upon information and belief, M&C OF DUTCHESS, LLC is a limited liability company with its principal place of business located at 2645 South Road, Suite 4, Poughkeepsie, New York 12601.

112.    Upon information and belief, CREIGHTON MANNING ENGINEERING, LLP is a New York limited liability partnership with its principal place of business located at 2 Winners Circle, Albany, New York 12205.

113.    Upon information and belief, at all times hereinafter mentioned, HIGHLAND SQUARE is and was the owner of a certain parcel of land identified as State of New York, County of Ulster, Town of Lloyd, Section 87.2, Block 5, Lot 3.100 at 50-70 Route 299.

114.    Upon information and belief, TECTONIC entered into an agreement with HIGHLAND SQUARE to perform labor and provide services for the improvement of the property known as State of New York, County of Ulster, Town of Lloyd, Section 87.2, Block 5, Lot 3.100 at 50-70 Route 299 for the total price of $33,459.00.

115.    Upon information and belief, the labor and services performed included geotechnical engineering including soil testing and analysis, report preparation, construction inspection and materials testing services.

116.    Upon information and belief, TECTONIC supplied the work and services pursuant to the agreement, request, insistence and direction of the aforesaid parties.

117.   Upon information and belief, as a result of its work, TECTONIC has become entitled to certain payments from HIGHLAND SQUARE.   In particular, TECTONIC has provided labor and services for the improvement of the premises, and has met all of its obligations under the agreement, except to the extent it was prevented or excused from doing so by the actions of HIGHLAND SQUARE.

118.   The labor performed and materials furnished at the Property for the Project is a private improvement as defined by New York Lien Law.

119.   Tectonic last performed work for the Project to improve the Property on October 12, 2010.

120.   As a result of the failure of HIGHLAND SQUARE to pay for the services performed by Tectonic, on or about June 3, 2011, within 8 months after the date of last furnishing services on the Project, and pursuant to the provisions of the Lien Law, defendant Tectonic duly filed in the office of the Ulster County Clerk a Notice of Mechanic's Lien (the "Lien") in due form, claiming the amount of $22,458.67, being the amount owed to Tectonic for services rendered for the development, construction and/or improvement of the premises.   A copy of the Notice of Mechanic's Lien is annexed hereto as **Exhibit "A"**.

121.   The Notice of Lien includes all information required by the New York State Lien Law, including Tectonic's name and business address; the names of the owners of the real property against whose interests the lien is claimed, the party who Tectonic maintained its agreement with and the interest of the owner, so far as it is known to Tectonic.

122.   The Notice of Lien includes the labor performed and the prices and values; and the amount paid to Tectonic for the labor performed.

123.   The Notice of Lien includes the time when the first and last item of labor was performed; and the property subject to the lien, with a description sufficient for identification.

124.    The Notice of Lien was duly verified by Tectonic to the effect that the statements contained in the Notice of Lien were true to the best of its knowledge and belief.

125.    The Notice of Lien claims a lien in the amount of $22,458.67, the balance then due to Tectonic for the Project.

126.    The labor performed by Tectonic pursuant to the Project were provided for, and used in, the improvement of the Property with the consent and at the request of the owners and contracting party.

127.    The labor that Tectonic provided has been accepted by the owners and contracting party.

128.    Tectonic's mechanic's lien and the underlying debt have not been canceled, waived, paid or discharged of record.

129.    On or about June 14, 2012, a copy of the Lien was served upon all parties required under the Lien Law, and pursuant to the provisions of the Lien Law proof of such service was thereafter duly filed in the office of the Sullivan County Clerk on June 22, 2012.

130.    Neither the Lien, nor the claim asserted by Tectonic therein, has been waived, cancelled or discharged, in whole or in part.

131.    Upon information and belief, defendant Tectonic knows of no other persons and/or entities possessing liens or encumbrances upon the premises other than the parties named in this within action.

132.    No prior action or proceeding at law or in equity has been commenced to foreclose Tectonic's mechanic's lien.

133.    Upon information and belief, the plaintiff and defendants ROUTE 299 RETAIL CENTER, LLC, HIGHLAND SQUARE, MICHAEL BARNETT, DENISE BARNETT, M&C OF DUTCHESS, LLC, P.SALA & SONS CONSTRUCTION, INC., CREIGHTON MANNING

ENGINEERING LLP and John Doe "1" through John Joe "20", have or claim to have, some interest in, claim against or lien upon the Property.

134.    Upon information and belief, all interests, claims or liens of the defendants are subordinate to the mechanic's lien claimed by Tectonic.

135.    The Notice complies in all respects with the Lien Law and has been duly served upon all parties required to be served under the Lien Law.

136.    Proof of service of the Notice of Lien was timely filed with the County Clerk of Ulster County.

137.    Upon information and belief, no persons have subsequent liens or claims against the Property by lien, judgment, levy or otherwise, and no persons appear from the records maintained by the County Clerk of Ulster County to be owners of the Property, or any part of the Property, who are not parties to this action.

138.    Based on these facts, TECTOIC is entitled to foreclose its lien and recover judgment in the amount of $22,458.67 with interest upon this amount at the appropriate rate provided by law or otherwise.

139.    Upon information and belief, although TECTONIC has provided payment requisitions to HIGHLAND SQUARE, TECTONIC has not been paid in full, leaving a balance due and owing of $22,458.67 for the Project.

140.    Upon information and belief, despite repeated demands, no part of the balance due to TECTONIC has been paid.

141.    Upon information and belief, this failure to pay TECTONIC the fair and reasonable value of its work constitutes a breach of contract by HIGHLAND SQUARE.

142.    A notice of Pendency was timely served and filed in connection with this action.

## SECOND CROSS-CLAIM
### (Breach of Contract)

143.    TECTONIC repeats, reiterates and realleges each and every allegation contained in paragraphs designated "1" through "142" with the same force and effect as though said paragraphs were more fully set forth herein at length.

144.    HIGHLAND SQUARE has breached its agreement with TECTONIC.

145.    By reason of the foregoing, HIGHLAND SQUARE is liable to TECTONIC in the sum of $22,458.67 with interest.

## THIRD CROSS-CLAIM
### (Account Stated)

146.    TECTONIC repeats and realleges the allegations in paragraphs "1" through "145" as if fully set forth herein.

147.    Upon information and belief, HIGHLAND SQUARE has received certain requisitions from TECTONIC, representing true and accurate statements of the account owed to TECTONIC for the work performed under the agreement, and has failed to object to them within a reasonable period of time, or any time.

148.    As a direct result of HIGHLAND SQUARE's failure to pay the account stated, TECTONIC has suffered damages in the amount of $22,458.67 with interest.

## FOURTH CROSS-CLAIM
### (Unjust Enrichment)

149.    TECTONIC repeats and realleges the allegations in Paragraphs "1" through "148" as fully set forth herein.

150.    Upon information and belief, TECTONIC supplied labor and services for the Project and improvement of the Property with the knowledge, consent or request of HIGHLAND SQUARE.

151.    If TECTONIC is not paid $22,458.67 for the value of the services it performed, HIGHLAND SQUARE will be unjustly enriched in this amount.

**FIFTH CROSS-CLAIM**
**(Quantum Meruit)**

152.    TECTONIC repeats and realleges the allegations in Paragraphs "1" through "151" as fully set forth herein.

153.    Upon information and belief, TECTONIC, at the special invitation and request of HIGHLAND SQUARE, performed work, labor and services in connection with the Project having a fair and reasonable value of $33,459.00.

154.    Upon information and belief, TECTONIC demanded payment from HIGHLAND SQUARE in the aforesaid amount of $33,459.00, but, despite due demand therefore, HIGHLAND SQUARE has refused and neglected to pay TECTONIC the full amount requested, leaving an unpaid balance of $22,458.67.

155.    By reason of the foregoing, HIGHLAND SQUARE is liable to TECTONIC for the sum of $22,458.67, plus interest, as well as the costs and disbursements of this action including reasonable attorney's fees.

WHEREFORE,    Defendant    TECTONIC    ENGINEERING    &    SURVEYING CONSULTANTS, P.C., demands judgment:

(a)    Dismissing the complaint in its entirety;

(b)    On the First Counterclaim/cross-claim:

i.  That it be adjudged that the defendant Tectonic acquired by the filing of its mechanic's lien a just, valid and subsisting lien in the amount of

$22,458.67 against the interests of the plaintiff and the Co-defendants in the premises;

ii. That the equities of the parties to this action and the order and priority of the different liens be adjusted and determined, and that it be adjudged that Tectonic has an interest and a lien on the premises that is superior and prior to the interest or lien thereon of the plaintiff, the Co-defendants and any other party to this action;

iii. That the plaintiff, the Co-defendants and any other party to this action, and all persons claiming under either of them subsequent to the filing of this action, and every person whose conveyance or encumbrance is subsequent to, or subsequently recorded, filed or docketed be forever barred and foreclosed of all right, claim, lien, and equity of redemption in the premises or any part thereof;

iv. That the interests of the premises be sold according to law and that from the proceeds of such sale, Tectonic be paid the amount of its lien, with interest thereon;

v. That the HIGHLAND SQUARE be adjudged to pay any deficiency that may remain after applying all of such moneys so applicable thereto;

vi. That in case it be determined and adjudged that Tectonic does not have a valid and subsisting lien upon the premises, that Tectonic be awarded a personal judgment against HIGHLAND SQUARE in the sum of $22,458.67, together with interest thereon;

(c)   Awarding it judgment on its second cross-claim for breach of contract in the amount of $22,458.67 with interest;

(d)   Awarding it judgment on its third cross-claim for account stated in the amount of $22,458.67 with interest;

(e)   Awarding it judgment on its fourth cross-claim for unjust enrichment in the amount of $22,458.67 with interest;

(f)   Awarding it judgment on its fifth cross-claim for quantum meruit in the amount of $22,458.67 with interest and reasonable attorneys' fees;

(g)   Awarding the costs and disbursements of this action; and

(h)   Awarding such other and further relief as this Court may deem just, proper and equitable.

Dated:  Woodbury, New York
June 25, 2012

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP

By: _____
Elizabeth R. Gorman (EG-6316)
Attorneys for Defendant
TECTONIC ENGINEERING &
  SURVEYING CONSULTANTS, P.C.
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
File No.: 272-8627

To:    Michael W. Deyo, Esq.
Richard A. Mitchell, Esq.
ISEMAN, CUNNINGHAM, RIESTER & HYDE, LLP
Attorneys for Plaintiff
9 Thurlow Terrace
Albany, New York  12203
(518) 462-3000
(518) 462-4199 (fax)
mdeyo@icrh.com
rmitchell@icrh.com

Highland Square Development, LLC
10 Wintergreen Place
Hopewell Junction, New York  12533

DES Development, LLC
10 Wintergreen Place
Hopewell Junction, New York  12533

UFP Atlantic Division, LLC
c/o Matthew J. Missad
2801 E. Beltline Avenue, NE
Grand Rapids, MI  49525

P. Sala & Sons Construction, Inc.
2775 Route 55
Pouquag, New York  12570

EXHIBIT A



Notice of mechanic's lien, affidavits of service, individual, partnership or corporation, to be filed with County Clerk. Lien Law, 3 et seq. 9-96

BlumbergExcelsior, Publisher, NYC 10013
www.blumberg.com

# NOTICE OF MECHANIC'S LIEN

To the Clerk of the County of Ulster, State of New York    and all others whom it may concern:

**Please Take Notice,** that Tectonic Engineering & Surveying Consultants P.C.

as lienor(s) have and claim a lien on the real property hereinafter described as follows:

(1) The names and residences of the lienor(s) are Tectonic Engineering & Surveying Consultants P.C. at 70 Pleasant Hill Road, Mountainville, NY 10953

being a (partnership) ■ (corporation) composed of Shareholders D.A.Benvie, R.P.Kummerle, T.J.Critelli,J.B.Kirby,T.J.Haines,M.A.Stier,A.Baki,A.A.Gualtieri
whose business address is at 70 Pleasant Hill Road, Mountainville, NY 10953
and whose principal place of business is at 70 Pleasant Hill Road, Mountainville,NY 10953

(1a) The name and address of lienor's attorney, if any N/A

(2) The owner of the real property is Highland Square Development
and the interest of the owner as far as known to the lienor(s) is Fee Simple

(3) The name of the person by whom the lienor(s) was (were) employed is Michael Barnett,Manager,Highland Square LLC
The name of the person to whom the lienor(s) furnished or is (are) to furnish material or for whom the lienor(s) performed or is (are) to perform professional services is Michael Barnett,Manager,Highland Square, LLC
The name of the person with whom the contract was made is Michael Barnett,Manager, Highland Square,LLC
The labor performed was Geotechnical Engineering including Soil Testing& Analysis , Report Preparation,Construction Inspection & Materials Testing Services

The material furnished was N/A

The materials actually manufactured for but not delivered to the real property are N/A

The agreed price and value of the labor performed is $ 33,459.00
The agreed price and value of the material furnished is $ N/A
The agreed price and value of the material actually mfd. for but not delivered to the real prop. is $ N/A
        Total agreed price and value  $33,459.00

(5) The amount unpaid to the lienor(s) for said labor performed is $ 22,458.67
The amount unpaid to the lienor(s) for said material furnished is $ N/A
The amount unpaid to lienor(s) for material actually mfd. for but not delivered to the real prop. is $ N/A
        Total amount unpaid  $ 22,458.67

The total amount claimed for which this lien is filed is $22,458.67
(6) The time when the first item of work was performed was 4/9/10
The time when the first item of material was furnished was N/A
The time when the last item of work was performed was 10/12/10
The time when the last item of material was furnished was N/A
(7) The property subject to the lien is situated in State of New York, County of Ulster, Town of Lloyd, Section 87.2 Block 5 Lot 3.100 at 50-70 Rt 299.

FILED
3 H 29 M
COPY
JUN 29 201?
NINA POSTUPACK
N/AULSTER COUNTY CLERK
11-390

That said labor and materials were performed and furnished for and used in the improvement of the real property hereinbefore described. That 8 months (4 months if a single family dwelling) have not elapsed dating from the last item of work performed, or from the last items of materials furnished, or since the completion of the contract, or since the final performance of the work, or since the final furnishing of the materials for which this lien is claimed.

Dated June 3, 2011

The name signed must be printed beneath

Donald A.Benvie,President of
Tectonic Engineering &
Surveying Consultants P.C.

Verification

STATE OF NEW YORK, COUNTY OF                        ss.:                    INDIVIDUAL OR PARTNER

being duly sworn, says
that deponent is (one of the co-partnership named in the within notice of lien and) the lienor(s) mentioned in the foregoing
notice of lien; that deponent has read the said notice and knows the contents thereof, and that the same is true to deponent's own
knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent
believes it to be true.

.....................................................................................

Sworn to before me on


STATE OF NEW YORK, COUNTY OF Orange                ss.:                    CORPORATION

being duly sworn, says
Donald A. Benvie                           of Tectonic Engineering & SurveyingCons.P.C
that deponent is the President
herein, that deponent has read the foregoing notice of lien and knows the contents thereof, and that the same is true to
deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to
those matters deponent believes it to be true. The reason why this verification is made by deponent is that deponent is an officer,
to wit, the President                          of Tectonic Engineering & Surveying Consultants P.C.
which is a New York             corporation, and deponent is familiar with the facts and circumstances herein.
The sources of deponent's information and the grounds of deponent's belief as to all matters not therein stated upon
deponent's knowledge are as follows: Signed contracts, miscellaneous correspondence,
Aged Accounts Receivable Reports, and Billing Reports.

Sworn to before me on June 3, 2011              Donald A. Benvie, President of
                                                Tectonic Engineering & Surveying
                                                Consultants P.C.

Notary Public

DIANNE R. MORGAN
Notary Public, State of New York
Qualified in Orange County
No. 5009211
Commission Expires March 8, 20 15

Editor's note: Notice of Mechanic's Lien may be filed at any time during progress of the work and the furnishing of the materials,
or, within eight months (four months if a single family dwelling) after the completion of the contract, or the final performance of
the work, or the final furnishing of the materials, The Notice of Mechanic's Lien must be filed in the Clerk's office of the county
where the property is situated. If such property is situated in two or more counties, file the Notice of Mechanic's Lien in the office
of the Clerk of each county. See Lien Law § 10.

11-352

COPY

## Affidavit of Service by Certified Mail*

FILED
10  H  53  M
JUN 22 2011
NINA POSTUPACK
ULSTER COUNTY CLERK
COPY

STATE OF NEW YORK, COUNTY OF Orange                    ss.:

The undersigned, being duly sworn, deposes and says that deponent is over 18 years of age and

on   June 14, 2011                    the undersigned served the within Notice of Lien on
Highland Square, LLC  Attn: Michael Barnett

the ■ *contractor  subcontractor*    *assignee    legal    representative*
at 10 Wintergreen Place  Hopewell Junction, NY 12533

by depositing a true copy of same, enclosed in a certified mail, postpaid, properly addressed wrapper, in an official depository of
the United State Postal Service in New York State.

Sworn to before me on  6/20/11

_Diane R Morgan_
Notary Public

DIANNE R. MORGAN
Notary Public, State of New York
Qualified in Orange County
No. 5009211
Commission Expires March 8, 20 15.

_Donald A. Benvie_
Donald A. Benvie, President of
Tectonic Engineering & Surveying
Consultants P.C.

**\*Editor's note:**     Serve a copy of Notice of Mechanic's Lien on contractor or subcontractor simultaneously or within 30 days after
filing Notice of Mechanic's Lien. File proof of service with County Clerk within 35 days after Notice of Mechanic's Lien is
filed. See Lien Law §11-b.

## Mechanic's Lien

## Notice of Lien

*Claimant*
Tectonic Engineering &
Surveying ConsultantsPC

*Residence*

*Business Address*
70 Pleasant Hill Rd.
Mountainville, NY 10953

*against*

*Owner*
Route 299 Retail Center

*Contractor*
Highland Square LLC
10 Wintergreen Place
Hopewell Junction NY 12533

*Amount* $ 22,458.67

*Filed*  June 3, 2011

*Premises konwon as*
Town of Lloyd, County of Ulster
40 Route 299
Section 87.2

*Block*   5   *Lot*  3.300

*Attorney(s) for Lienor*
N/A

*Post Office Address and Telephone Number*

6/3/11
11-352



FILED
10 H 53 M
JUN 2 2011
NINA POSTUPACK
ULSTER COUNTY CLERK

### Affidavit of Service of Notice of Mechanic's Lien on Owner, Agent or Attorney*

STATE OF NEW YORK, COUNTY OF Orange                    ss.:

The undersigned, being duly sworn, deposes and says that deponent is over 18 years of age and

on   June 14, 2011                    served the within Notice of Mechanic's Lien

on   Route 299 Retail Center
the owner herein
at   10 Wintergreen Place Hopewell Junction, NY 12533

    by delivering a true copy to said owner personally. Deponent knew the person so served to be the owner.

    as the owner could not be found, by delivering a true copy to the   *agent   attorney* of the owner.

    by leaving it at the last known place of residence of the owner in the city or town in which the real property or some part thereof is situated, with

    a person of suitable age and discretion.

■  by depositing a true copy of same, enclosed in a ■*certified   registered* mail, postpaid, properly addressed wrapper, in an official depository of the United States Postal Service in New York State.

    as the owner has no last known place of residence in the city or town in which the real property or some part thereof is situated, or the owner could not be found, and has no agent or attorney, by affixing a true copy thereof conspicuously on such property, at         m. (between the hours of nine o'clock in the forenoon and four o'clock in the afternoon).

    as the owner is a corporation, by personally delivering a true copy and leaving it with
the   *president   vice-president   secretary   clerk   cashier   treasurer   director   managing agent* of the corporation.

    as the owner is a corporation, and no officer of the corporation could be found within the state, by affixing a true copy conspicuously on such property at         m. (between the hours of nine o'clock in the forenoon and four o'clock in the afternoon).

    as the owner is a corporation, by depositing a true copy of same, enclosed in a   *certified   registered* mail, postpaid, properly addressed wrapper, in an official depository of the United States Postal Service in New York State.

Sworn to before me on 6/20/11

_Dianne R Morgan_
Notary

DIANNE R. MORGAN
Notary Public, State of New York
Qualified in Orange County
No. 5009211
Commission Expires March 8, 20 15

Donald A. Benvie, President of
Tectonic Engineering & Surveying
Consultants P.C.

*Editor's note: Serve five days before or 30 days after filing the Notice of Mechanic's Lien. See Lien Law §11.