# ISEMAN, CUNNINGHAM, RIESTER & HYDE, LLP

*Attorneys and Counselors at Law*

Michael J. Cunningham
Robert H. Iseman
Carol A. Hyde
Brian M. Culnan
Richard A. Frankel
Richard A. Mitchell
Karen E. Sosler
James P. Lagios
John F. Queenan
Joshua E. Mackey

———
Frederick C. Riester
*Senior Counsel*

9 Thurlow Terrace ● Albany, NY  12203
Phone 518-462-3000   Facsimile 518-462-4199
www.icrh.com

——————

2649 South Road • Poughkeepsie, NY  12601
Phone 845-473-8100   Facsimile 845-473-8777

Laurie K. Chisolm**
Penny M. Hahn
Marc A. Antonucci
Linda J. Terner*°
Omer Gil
Frank P. Izzo
Michael W. Deyo
Michelle Almeida+

+Also Admitted in Connecticut
°Also Admitted in Massachusetts
*Also Admitted in New Jersey
**Also Admitted in Vermont

December 5, 2012

Hon. Mae A. D'Agostino
U.S. District Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

> **Re:   UFP Atlantic Division, LLC v. Route 299 Retail Center, LLC, et al.**
> **Case No. 1:12-cv-053 MAD/ATB**

Dear Judge D'Agostino:

Enclosed is a Consent Order executed by all parties who have appeared in the above action, which the parties respectfully request Your Honor to "So Order."

Annexed to the Consent Order is a stipulated form of Judgment of Foreclosure and Sale. The Consent Order and proposed judgment reflect the parties' desire to resolve the Plaintiff's foreclosure cause of action through a judicial sale, without motion practice or computation proceedings.  To this end, the parties have stipulated to a computation of the sum due the Plaintiff on its foreclosure claim.  The parties respectfully submit that Your Honor enter the proposed judgment and appoint a referee to carry-out a foreclosure sale of the subject real estate.

Respectfully Submitted,

ISEMAN, CUNNINGHAM, RIESTER & HYDE, LLP

Michael W. Deyo (Bar Roll No. 516168)
Attorneys for Plaintiff

cc:    via ECF to all counsel

{00682771}

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**UFP ATLANTIC DIVISION, LLC**, a Michigan limited
liability company,

<em>Plaintiff,</em>

<em>v.</em>

**ROUTE 299 RETAIL CENTER, LLC; HIGHLAND
SQUARE DEVELOPMENT LLC; MICHAEL BARNETT;
DENISE BARNETT; M&C OF DUTCHESS, LLC;
P. SALA & SONS CONSTRUCTION, INC.; TECTONIC
ENGINEERING & SURVEYING CONSULTANTS, P.C.;
CREIGHTON MANNING ENGINEERING LLP**; and
**JOHN DOE Nos. 1-10**, said names being fictitious and
unknown to Plaintiff, the persons or parties intended being any
and all tenants, occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the premises
described in the Amended Complaint,

<em>Defendants.</em>

**CONSENT ORDER**

Civil Action No.
1:12-CV-00053 (MAD/ATB)

---

**WHEREAS**, on March 1, 2012, plaintiff, UFP Atlantic Division, LLC ("Plaintiff"), by
and through its attorneys, Iseman, Cunningham, Riester & Hyde, LLP, filed its Amended
Complaint (the "Complaint");

**WHEREAS**, on June 8, 2012, defendants Route 299 Retail Center, LLC, Highland
Square Development, LLC, Michael Barnett and Denise Barnett , by and through their attorneys,
Hiscock & Barclay, LLP, filed and served their Amended Answer to Amended Complaint;

**WHEREAS**, on April 6, 2012, P. Sala & Sons Construction, Inc., by and through its
attorneys, Corbally, Gartland and Rappleyea, LLP, filed and served its Answer to the Amended
Complaint;

**WHEREAS**, on June 8, 2012, Creighton Manning Engineering LLP, by and through its
attorneys, Driver Greene, LLP, filed and served its Answer to the Amended Complaint;

**WHEREAS**, on June 25, 2012, defendant Tectonic Engineering & Surveying Consultants, P.C., by and through its attorneys, Milber Makris Plousadis & Seiden, LLP, filed and served its Answer to the Amended Complaint;

**WHEREAS**, Route 299 Retail Center, LLC, Highland Square Development, LLC, Michael Barnett, Denise Barnett, P. Sala & Sons Construction, Inc., Tectonic Engineering & Surveying Consultants, P.C., and Creighton Manning Engineering LLP are collectively referred to herein as the "Defendants";

**WHEREAS**, Michael Barnett and Denise Barnett are referred to herein as the "Individual Defendants";

**WHEREAS,** on December 16, 2010, the Individual Defendants executed that certain Unlimited Continuing Guaranty (the "Guaranty");

**WHEREAS**, Plaintiff seeks an order granting it summary judgment for the relief sought in its First Cause of Action for the foreclosure of the real property described in the Complaint and commonly known as 20-70 State Route 299, Town of Lloyd, Ulster County, New York (the "Property");

**WHEREAS**, in order to reduce the costs of litigation, the parties have agreed, pursuant to the terms of this Consent Order, to expedite the sale of the Property;

**WHEREAS,** the parties hereby agree to waive the Affidavit of Regularity and the appointment of a referee to compute the amount due pursuant to the note and mortgage described in the Complaint (the "Note and Mortgage") and agree, for the purposes hereof and subject to the terms of this Consent Order, that the total sum due and owing on the Note, Mortgage and other loan documents, as of September 1, 2012, is $6,504,969, which consists of: (i) the principal amount due as calculated pursuant to the terms of the Note and Mortgage is $5,000,000; (ii)

accrued interest as calculated pursuant to the terms of the Note and Mortgage as of September 1, 2012, is $1,194,722; (iii) interest continues to accrue pursuant to the terms of the Note and Mortgage on the unpaid principal balance at the rate of $2,328.77 per day to date of judgment; (iv) the amount of late charges calculated pursuant to the Note and Mortgage is $185,842; (v) the amount of attorneys' fees and disbursements the Plaintiff is entitled to under the Note and Mortgage, as of September 1, 2012, is $115,000; and (vi) the amount advanced by Plaintiff as a premium to Allstate Life Insurance Company of New York to maintain the Individual Defendants' life insurance policy, pursuant to the Mortgage and Assignment of Life Insurance Policy As Collateral Agreement, as of September 1, 2012, is $9,405.00;

**WHEREAS,** the parties agree, notwithstanding the Defendants' consent to the foreclosure sale of the Property and their agreement to waive the Affidavit of Regularity and the appointment of a referee pursuant to the terms hereof, that: (i) the Individual Defendants do not waive and may contest and assert in any deficiency proceeding brought by Plaintiff against any Individual Defendant any defense they may have as to the existence or the amount of any deficiency judgment and/or the liability of the Individual Defendants for a deficiency judgment, or any other amounts due, pursuant to the Guaranty or the Note and Mortgage; and,  (ii) solely with respect to any deficiency judgment proceedings which may follow the entry of a Judgment of Foreclosure and Sale, and the sale itself, the Individual Defendants' defenses with respect to the amounts claimed by Plaintiff pursuant to the Note and Mortgage or the liability of any Individual Defendants for such amounts shall not merge with the entry of this Consent Order or a Judgment of Foreclosure and Sale and shall not be subject to a claim by Plaintiff of *res judicata* or collateral estoppel during any such deficiency judgment proceedings;

**WHEREAS**, the Defendants hereby agree and stipulate to the entry of on order as set forth herein below with respect to the relief sought by Plaintiff under the First Cause of Action, and the entry of the Judgment of Foreclosure Sale annexed hereto as Exhibit "A";

**WHEREAS**, the Individual Defendants seek an order allowing them to file and serve a second amended answer to add certain affirmative defenses (the "Second Amended Answer") that may be raised by the Individual Defendants in any deficiency judgment proceedings which may follow the entry of a Judgment of Foreclosure and Sale, and the sale itself;

**WHEREAS**, the Plaintiff hereby agrees and stipulates to the entry of an order as set forth herein below with respect to filing and service by Defendants of a Second Amended Answer;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED** that Plaintiff is hereby granted summary judgment with respect to the relief requested in the First Cause of Action for the foreclosure of the Property, subject to the terms and conditions of the parties' stipulations as set forth above which are incorporated herein;

**IT IS FURTHER ORDERED**, that the Plaintiff may proceed with the foreclosure sale of the Property without the filing of an Affidavit of Regularity or the appointment of a referee to compute the amount due, consistent with the parties' stipulations as set forth above which are incorporated herein and in the annexed Judgment of Foreclosure and Sale;

**IT IS FURTHER ORDERED**, that the Judgment of Foreclosure and Sale annexed hereto as Exhibit "A" be entered together with the entry of this Consent Order; and

**IT IS FURTHER ORDERED**, that the Individual Defendants may file and serve the Second Amended Answer in the form as attached hereto as Exhibit "B," provided that said Second Amended Answer is filed and served no later than 30 days after this Consent Order is "So Ordered."

**SO STIPULATED, AGREED AND CONSENTED TO:**

DATED: August **31**, 2012

**ISEMAN, CUNNINGHAM,
RIESTER & HYDE, LLP**

By: *Michael W. Deyo*
      Michael W. Deyo

*Attorneys for Plaintiff*
*UFP Atlantic Division, LLC, a Michigan*
*limited liability company*
Office and Post Office Address:
9 Thurlow Terrace
Albany, NY  12203
Telephone:  (518) 462-3000
Facsimile:  (518) 462-4199
E-Mail: mdeyo@icrh.com

DATED: August **31**, 2012

**HISCOCK & BARCLAY, LLP**

By: _____
      Stephen H. Volkheimer

*Attorneys for Defendants*
*Route 299 Retail Center, LLC,*
*Highland Square Development LLC,*
*Michael Barnett and Denise Barnett*
Office and Post Office Address:
80 State Street
Albany, NY  12207-2543
Telephone:  (518) 429-4273
Facsimile:  (518) 533-2914
E-Mail: svolkheimer@hblaw.com

DATED: ~~September~~ *October* 1, 2012

**CORBALLY, GARTLAND AND
RAPPLEYEA, LLP**

By: _____
      William W. Frame

*Attorneys for Defendant*
*P. Sala & Sons Construction, Inc.*
Office and Post Office Address:
35 Market Street
Poughkeepsie, NY  12601
Telephone:  (845) 454-1110
Facsimile:  (845) 471-4593
E-Mail: wwf@cgrlaw.com

DATED: September ___, 2012

**DRIVER GREENE, LLP**

By: _____
      John D. Hoggan, Jr.

*Attorneys for Defendant*
*Creighton Manning Engineering LLP*
Office and Post Office Address:
90 State Street, Suite 1011
Albany, NY  12207
Telephone:  (518) 312-4176
Facsimile:  (518) 312-4167
E-Mail: jhoggan@drivergreene.com

{00644094}

5

6228107.2

**SO STIPULATED, AGREED AND CONSENTED TO:**

**DATED:** August ___, 2012

**ISEMAN, CUNNINGHAM,
RIESTER & HYDE, LLP**


By: _____
      Michael W. Deyo

*Attorneys for Plaintiff*
*UFP Atlantic Division, LLC, a Michigan*
*limited liability company*
Office and Post Office Address:
9 Thurlow Terrace
Albany, NY  12203
Telephone:  (518) 462-3000
Facsimile:  (518) 462-4199
E-Mail: mdeyo@icrh.com

**DATED:** August ___, 2012

**HISCOCK & BARCLAY, LLP**


By: _____
      Stephen H. Volkheimer

*Attorneys for Defendants*
*Route 299 Retail Center, LLC,*
*Highland Square Development LLC,*
*Michael Barnett and Denise Barnett*
Office and Post Office Address:
80 State Street
Albany, NY  12207-2543
Telephone:  (518) 429-4273
Facsimile:  (518) 533-2914
E-Mail: svolkheimer@hblaw.com

**DATED:**  September ___, 2012

**CORBALLY, GARTLAND AND
RAPPLEYEA, LLP**

By: _____
      William W. Frame

*Attorneys for Defendant*
*P. Sala & Sons Construction, Inc.*
Office and Post Office Address:
35 Market Street
Poughkeepsie, NY  12601
Telephone:  (845) 454-1110
Facsimile:  (845) 471-4593
E-Mail: wwf@cgrlaw.com

**DATED:**  ~~September~~ *October 19*, 2012

**DRIVER GREENE, LLP**

By: _____
      Patrick K. Greene

*Attorneys for Defendant*
*Creighton Manning Engineering LLP*
Office and Post Office Address:
90 State Street, Suite 1011
Albany, NY  12207
Telephone:  (518) 312-4176
Facsimile:  (518) 312-4167
E-Mail: pgreene@drivergreene.com

{00644094}

5

6228107.2

DATED: ~~September~~ October 29, 2012

**MILBER MAKRIS PLOUSADIS & SEIDEN, LLP**

By: _____
     Patrick F. Palladino

*Attorneys for Defendant*
*Tectonic Engineering and Surveying*
*Consultants, P.C.*
Office and Post Office Address:
1000 Woodbury Road
Woodbury, New York 11797
Telephone:  (516) 712-4000
Facsimile:  (516) 712-4013
E-Mail: ppalladino@milbermakris.com


**SO ORDERED**

DATE: September ___, 2012

_____
             U.S.D.J.

**DATED:**  September \_\_\_, 2012

**MILBER MAKRIS PLOUSADIS & SEIDEN,
LLP**

By: _____
        Patrick F. Palladino

*Attorneys for Defendant
Tectonic Engineering and Surveying
Consultants, P.C.*
Office and Post Office Address:
1000 Woodbury Road
Woodbury, New York 11797
Telephone:  (516) 712-4000
Facsimile:  (516) 712-4013
E-Mail: ppalladino@milbermakris.com


**SO ORDERED**

DATE: December \_\_\_, 2012

                                        _____
                                                    U.S.D.J.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**UFP ATLANTIC DIVISION, LLC**, a Michigan limited
liability company,

<em>Plaintiff,</em>

    *v.*

**ROUTE 299 RETAIL CENTER, LLC; HIGHLAND
SQUARE DEVELOPMENT LLC; MICHAEL BARNETT;
DENISE BARNETT; M&C OF DUTCHESS, LLC;
P. SALA & SONS CONSTRUCTION, INC.; TECTONIC
ENGINEERING & SURVEYING CONSULTANTS, P.C.;
CREIGHTON MANNING ENGINEERING LLP**; and
**JOHN DOE Nos. 1-10**, said names being fictitious and
unknown to Plaintiff, the persons or parties intended being any
and all tenants, occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the premises
described in the Amended Complaint,

<em>Defendants.</em>

|  |
|---|
| **JUDGMENT OF FORECLOSURE AND SALE** |
| Civil Action No. 1:12-CV-00053 (MAD/ATB) |

---

On the Amended Complaint duly filed in this action on the 1st day of March, 2012, and all proceedings thereon, and on reading the Consent Order entered into by each of the defendants herein and So Ordered by this Court on December __, 2012 (the "Consent Order"),

**AND**, that the Amended Complaint herein and due Notice of Pendency of this action containing all the particulars required to be stated therein was duly filed in the Office of the Clerk of the County of Ulster on the 5th day of March, 2012,

**AND,** upon the parties stipulation in the Consent Order that the sum of $6,504,969 is due on the mortgage as of September 1, 2012, and that the mortgaged premises shall be sold in one parcel.

**NOW**, on the Consent Order and stipulation of the parties, it is

**ORDERED, ADJUDGED AND DECREED**, that the mortgaged premises described in the Amended Complaint, and more fully described in "Schedule A—Legal Description," be sold

{00644107}

in one parcel at public auction at a time and place to be set by, and to be held under the direction of _____, Esq., who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of said sale according to law and the practice of this Court, by publication in an appropriate newspaper or periodical selected by said Referee; and it is further

ORDERED, ADJUDGED AND DECREED, that all unpaid taxes, assessments and water rates which are at the time of sale a lien on the premises, together with such interest or penalties as may have lawfully accrued thereon to the date of payment, be paid from the proceeds of said sale as an expense of such sale; and it is further

ORDERED, ADJUDGED AND DECREED, that the plaintiff or any other parties to this action may become the purchaser or purchasers at such sale; that in case the plaintiff shall become the purchaser at the said sale, it shall not be required to make any deposit thereon; that said Referee execute to purchaser or purchasers on such sale a Deed of the premises sold; that such Referee on receiving the proceeds of such sale shall deposit the proceeds of sale in his own name as Referee in his IOLA attorney escrow account, and shall thereafter make the following payments and his checks drawn for that purpose:

FIRST: The statutory fee of $500 to the Referee as his/her fee herein pursuant to Section 8003 of the New York State Civil Practice Law and Rules.

SECOND: The expenses of the sale, including posting and advertising.

THIRD: Said Referee shall also pay to the plaintiff or its attorney the sum of $_____ adjudged to the plaintiff for costs and disbursements in this action, with interest thereon from the date hereof, together with an additional allowance of $_____ hereby awarded to the plaintiff in addition to costs, with interest thereon from the date hereof.

{00644107}

**FOURTH**: Said Referee shall also pay to the plaintiff or its attorney the sum of $_____, which consists of $5,000,000 as principal; $1,194,722 as interest through September 1, 2012; $185,842 as late charges; $115,000 as Plaintiff's attorneys' fees and disbursements, as of September 1, 2012; and $9,405 as advances made by Plaintiff under the terms of the mortgage and that certain Assignment of Life Insurance Policy as Collateral Agreement; said amounts due as aforesaid and stipulated by the parties in the Consent Order, together with the legal interest thereon from the date of said Consent Order at the rate of 17% per annum, as stated in the Mortgage Note herein, or so much thereof as the purchase money of the mortgaged premises will pay of the same.

**FIFTH**: That in case the plaintiff be the purchaser of said mortgaged premises at said sale, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff a Deed of the premises sold upon the payment to said Referee of the amounts specified above in items marked "First" and "Second"; that the balance of the amount bid, after deducting the amounts paid by the plaintiff, for Referee's fees, and advertising expenses, shall be allowed to the plaintiff and applied by said Referee upon the amounts due to the plaintiff as specified above in item marked "Third"; that if after so applying the balance of the amount bid, there shall be a surplus over and above said amounts due to the plaintiff, the plaintiff shall pay to said Referee, upon delivery of said Referee's Deed, the amount of such surplus; that said Referee on receiving said several amounts from plaintiff shall then deposit the balance.

**SIXTH**: That said Referee deposit the surplus money, if any, with the Ulster County Commissioner of Finance within five days after the same shall be received and be ascertainable to the credit of this action, to be withdrawn only on the written order of the Court, that the said

Referee make his Report of such sale under oath showing the disposition of the proceeds of the sale and file it with the Clerk of the County of Ulster within thirty days after completing the sale and executing the proper conveyance to the purchaser and that if the proceeds of such sale be insufficient to pay the amount reported due the plaintiff with interest and costs as aforesaid, the plaintiff recover of the defendant(s) Route 299 Retail Center, LLC, Highland Square Development, LLC, Michael Barnett and Denise Barnett the whole deficiency or so much thereof as the Court may determine to be just and equitable of the mortgage debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the purchaser or purchasers at such sale be let into possession on production of the Referee's Deed; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the premises be sold in one parcel, "as is," subject to:

(a). Any state of facts that an inspection or an accurate survey of the mortgaged premises would show or disclose;

(b). Open and unpaid taxes, assessments, water and/or sewer charges, if any, which have not yet become a lien on the mortgaged premises, without any apportionments or adjustments;

(c). Any rights of tenants or persons in possession of all or part of the mortgaged premises, to the extent said rights are not eliminated by this action;

(d). Easements, covenants, conditions, agreements, reservations, restrictions, and public utility agreements of record, if any;

(e).   Violations, orders, or notices filed or issued by any governmental authority against the mortgaged premises, including, but not limited to, any environmental violations and notices to repair sidewalks or charged for sidewalk repairs;

(f).   Building and zoning ordinances of the municipality in which the mortgaged premises is located, and possible violations of the same;

(g).   Prior mortgage lien(s) of record, if any, and any advances and arrears thereunder; and

(h).   Prior lien(s) of record, if any.

**ORDERED, ADJUDGED AND DECREED**, that each and all of the defendants in this action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they hereby are, barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof.

DATE: December ___, 2012

_____
U.S.D.J.

{00644107}

**EXHIBIT B**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UFP ATLANTIC DIVISION, LLC, a
Michigan limited liability company,

                                    Plaintiff,

                        v.

ROUTE 299 RETAIL CENTER, LLC;
HIGHLAND SQUARE DEVELOPMENT
LLC; MICHAEL BARNETT; DENISE
BARNETT; M&C OF DUTCHESS, LLC;
P. SALA & SONS CONSTRUCTION, INC.;
TECTONIC ENGINEERING & SURVEYING
CONSULTANTS, P.C.; CREIGHTON
MANNING ENGINEERING LLP; and
JOHN DOE Nos. 1-10, said names being
fictitious and unknown to Plaintiff, the persons
or parties intended being any and all tenants,
occupants, persons or corporations, if any,
having or claiming an interest in or lien upon
the premises described in the Amended Complaint,

                                    Defendants.

**SECOND AMENDED ANSWER TO
AMENDED COMPLAINT**

Civil Action No.
1:12-CV-00053 (MAD/ATB)

        Defendants Route 299 Retail Center, LLC, ("Route 299"), Highland Square Development

LLC, ("Highland"), Michael Barnett and Denise Barnett, by their attorneys, Hiscock & Barclay,

LLP, as and for their Second Amended Answer to the Amended Complaint of plaintiff UFP

Atlantic Division, LLC ("UFP Atlantic"), allege as follows:

        1.      Admit the allegations contained in paragraphs 3, 4, 5, 6, 13, 14, 15, 18, 19, 20, 21,

22, 23, 24, 25, 27, 32, 90, 91 and of the Amended Complaint.

2.     Deny the allegations contained in the paragraphs 62, 68, 81, 82, 92, 93, 94, and 95 of the Amended Complaint.

3.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 2, 7, 8, 9, 10, 11, 12, 16, 17, 28, 29, 30, 31, 61, 70, 72, 73 and 83 of the Amended Complaint.

4.     With respect to paragraph 1 of the Amended Complaint, admit so much of that paragraph that asserts that an action has been brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301, *et seq.*, to foreclose on the mortgage referenced therein, and deny that the relief requested in subparagraph (b) therein for judgment on a separate promissory note is an action properly asserted under the New York Real Property Actions and Proceedings Law.

5.     With respect to paragraphs 26, 33, 34, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 60 and 89 of the Amended Complaint assert that the document referenced in each of the respective paragraphs speaks for itself.

6.     With respect to paragraph 35 of the Amended Complaint, admit so much of that paragraph that asserts that defendants Route 299 and Highland signed a "Post-Closing Agreement", assert that the document speaks for itself and deny that the document further induced plaintiff to enter into financing arrangements.

7.     With respect to paragraph 36 of the Amended Complaint, admit so much of the paragraph that asserts that defendant Michael Barnett executed an "Unlimited Continuing Guaranty" and assert that the document speaks for itself.

- 2 -

8.     With respect to paragraph 37 of the Amended Complaint, admit so much of the paragraph that asserts that defendant Denise Barnett executed an "Unlimited Continuing Guaranty" and assert that the document speaks for itself.

9.     With respect to paragraph 38 of the Amended Complaint, admit that plaintiff references the Note, Mortgage, Assignment of Life Insurance, Post-Closing Agreement and all related documents collectively as the "Loan Documents".

10.    With respect to paragraph 57 of the Amended Complaint, admit so much of the paragraph that asserts that Route 299 and Highland have not made certain payments as set forth in the express terms of the Note and Mortgage but deny that the Note and Mortgage are enforceable.

11.    With respect to paragraph 58 of the Amended Complaint, assert that the Mortgage document speaks for itself.

12.    With respect to paragraph 59 of the Amended Complaint, admit so much of the paragraph that asserts that Mr. Barnett and Mrs. Barnett failed to pay the premium due on the referenced policy and assert that the Assignment of Life Insurance document speaks for itself.

13.    With respect to paragraphs 63, 64, 65 and 66 of the Amended Complaint, admit that each defendant referenced in the respective paragraphs was notified of Events of Default by letter dated June 14, 2011, assert that the letter speaks for itself and deny the remaining allegations contained in each of the paragraphs.

14.    With respect to paragraphs 67, 69, 71, 74, 75, 76, 79, 85 and 86 of the Amended Complaint assert that the paragraphs do not contain allegations of fact but rather declarations,

- 3 -

conclusions of law and/or requests for relief, deny the right to such requests and deny the remaining allegations contained in the paragraph to the extent that they contain allegations of fact.

15.     With respect to paragraph 77 of the Amended Complaint repeat and reallege the responses to paragraphs 1 through 76 as if fully set forth herein.

16.     With respect to paragraph 78 of the Amended Complaint, admit that defendants Michael Barnett and Denise Barnett executed a Guaranty and asserts that the document speaks for itself.

17.     With respect to paragraph 80 of the Amended Complaint repeat and reallege the responses to paragraphs 1 through 79 as if fully set forth herein.

18.     With respect to paragraph 84 of the Amended Complaint repeat and reallege the responses to paragraphs 1 through 83 as if fully set forth herein.

19.     With respect to paragraph 87 of the Amended Complaint repeat and reallege the responses to paragraphs 1 through 86 as if fully set forth herein.

20.     With respect to paragraph 88 of the Amended Complaint, admit that Mr. Barnett and Mrs. Barnett executed and delivered to plaintiff the "Barnett Note", assert that the document speaks for itself and deny that the plaintiff funded the $650,000.00 referenced in the "Barnett Note".

21.     Deny each and every other allegation contained in said Amended Complaint not herein before admitted, denied, or otherwise controverted.

- 4 -

## FIRST AFFIRMATIVE DEFENSE

22.     Plaintiff's claims are barred by the applicable usury laws.

## SECOND AFFIRMATIVE DEFENSE

23.     Plaintiff's claims are barred due to a lack of consideration.

## THIRD AFFIRMATIVE DEFENSE

24.     Plaintiff's claims are barred due to the fraudulent conduct of it principals which constituted an improper scheme to deprive Defendants of their business opportunities.

## DEMAND FOR RELIEF

**WHEREFORE,** the answering defendants demands a Judgment of this Court in its favor against plaintiff:

(a)     dismissing the Amended Complaint in its entirety; and

(b)     granting the answering defendants its costs and disbursements, attorney fees and such other and further relief that this Court may deem just and proper.

**DATED:**   August ___, 2012             **HISCOCK & BARCLAY, LLP**

By:_____
         F. Charles Dayter
         Bar Roll No.  505374
         *Attorneys for Defendants*

- 5 -

*Route 299 Retail Center, LLC, Highland Square Development LLC, Michael Barnett and Denise Barnett*
Office and Post Office Address
80 State Street
Albany, New York  12207-2830
Telephone: (518) 429-4273
Facsimile: (518) 533-2914
E-Mail: fdayter@hblaw.com

- 6 -

6233227.1

## CERTIFICATE OF SERVICE

I, F. Charles Dayter, certify, that on August ____, 2012, I filed a copy of the foregoing document with the Clerk of the Court via the CM/ECF system which gave notice to the following attorneys:

ISEMAN, CUNNINGHAM, RIESTER
& HYDE, LLP

Richard A. Mitchell, Esq.
Bar Roll #:  511966
2649 South Road
Suite 230
Poughkeepsie, NY  12601

F. Charles Dayter
Bar Roll No.  505374

6233227.1