**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UFP ATLANTIC DIVISION, LLC** *a*
*Michigan limited liability company,*

                                        **Plaintiff,**

        **vs.**                                         **1:12-cv-00053**
                                                        **(MAD/ATB)**

**ROUTE 299 RETAIL CENTER, LLC**
*a New York limited liability company,*
**MICHAEL BARNETT***, an individual,*
**DENISE BARNETT***, an individual,*
**HIGHLAND SQUARE DEVELOPMENT, LLC,**
**M&C OF DUTCHESS, LLC, P. SALA &**
**SONS CONSTRUCTION, INC., TECTONIC**
**ENGINEERING & SURVEYING CONSULTANTS,**
**P.C., CREIGHTON MANNING ENGINEERING**
**LLP, JOHN DOES 1-10** *said names being fictitious*
*and unknown to Plaintiff, the persons or parties*
*intended being any and all tenants, occupants, persons*
*or corporations, if any, having or claiming an interest*
*in or lien upon the premises described in the Amended*
*Complaint,*

                                        **Defendants.**
_____

**TECTONIC ENGINEERING & SURVEYING**
**CONSULTANTS, P.C.,**

                                        **Cross Claimant***,*

        vs.

**HIGHLAND SQUARE DEVELOPMENT, LLC,**
**ROUTE 299 RETAIL CENTER, LLC** *a New York*
*limited liability company,* **CREIGHTON MANNING**
**ENGINEERING LLP, DENISE BARNETT** *an individual,*
**JOHN DOES 1-10** *said names being fictitious and unknown*
*to Plaintiff, the persons or parties intended being any and*
*all tenants, occupants, persons or corporations, if any,*
*having or claiming an interest in or lien upon the premises*
*described in the Amended Complaint*, **UFP ATLANTIC**
**DIVISION, LLC** *a Michigan limited liability company,*
**P. SALA & SONS CONSTRUCTION, INC., MICHAEL**
**BARNETT** *an individual,*

                                        **Cross Defendants.**

**TECTONIC ENGINEERING &**

**SURVEYING CONSULTANTS, P.C.,**

              **Counter Claimant,**

   **vs.**

**M&C OF DUTCHESS, LLC,**
**HIGHLAND SQUARE DEVELOPMENT, LLC,**
**ROUTE 299 RETAIL CENTER, LLC** *a New York*
*limited liability company,* **CREIGHTON MANNING**
**ENGINEERING LLP, DENISE BARNETT** *an*
*individual,* **JOHN DOES 1-10** *said names being*
*fictitious and unknown to Plaintiff, the persons or*
*parties intended being any and all tenants, occupants,*
*persons or corporations, if any, having or claiming*
*an interest in or lien upon the premises described*
*in the Amended Complaint,* **UFP ATLANTIC DIVISION,**
**LLC** *a Michigan limited liability company,* **P.**
**SALA & SONS CONSTRUCTION, INC., MICHAEL**
**BARNETT** *an individual,*

             **Counter Defendants,**
_____

**APPEARANCES:**        **OF COUNSEL:**

**ISEMAN, CUNNINGHAM LAW FIRM**   **RICHARD A. MITCHELL, ESQ.**
2649 South Road           **MICHAEL W. DEYO, ESQ.**
Suite 230
Poughkeepsie, New York 12601
Attorneys for Plaintiff , Cross
Defendant and Counter Defendant

**HISCOCK, BARCLAY LAW FIRM**    **F. CHARLES DAYTER, ESQ.**
80 State Street            **STEPHEN H. VOLKHEIMER, ESQ.**
Albany, New York 12207
Attorneys for Defendants, Cross
 Defendants, Counter Defendants,
 Route 299 Retail Center, LLC,
Michael Barnett, Denise Barnett,
Highland Square Development LLC,

**CORBALLY, GARTLAND LAW FIRM**   **WILLIAM W. FRAME, ESQ.**
35 Market Street

Poughkeepsie, New York 12601
Attorneys for Defendant, Cross
Defendant, Counter Defendant,
P. Sala & Sons Construction, Inc.,

**OFFICE OF TODD J. KROUNER**              **ELIZABETH R. MICHEL, ESQ.**
113 King Street
Chappaqua, New York 10514
Attorneys for Defendant, Cross
Claimant, Counter Claimant,
Tectonic Engineering & Surveying
Consultants, P.C.

**OFFICE OF JOHN D. HOGGAN, JR., PLLC**    **JOHN D. HOGGAN, JR., ESQ.**
90 State Street
Suite 1011
Albany, New York 1011
Attorneys for Defendant, Cross
Defendant, Counter Defendant,
Creighton Manning Engineering LLP

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff brought this action pursuant to New York Real Property Actions and Proceedings Law section 1301 *et seq.  See* Dkt. No. 39.  Specifically, Plaintiff is seeking to "(a) foreclose on a mortgage encumbering the property commonly known as 20-70 State Route 299, Town of Lloyd, County of Ulster, State of New York, and designated as Section 87.2, Block 5, Lots 3.1-3.3 on the Tax Map of the County of Ulster (the 'Mortgaged Property'), along with other relief as allowed by terms of the mortgage being foreclosed; and (b) obtain judgment on a separate promissory note." *See id.* at ¶ 1.

Currently before the Court is Plaintiff's motion for a default judgment against Defendant M&C of Dutchess, LLC ("M&C").

## II. BACKGROUND

This action was commenced by Plaintiff on or about June 17, 2011.  *See* Dkt. No. 75-1 at ¶ 3.  The original purpose of this action was to recover a debt owed by Defendants Route 299 Retail Center, LLC ("Route 299"), Michael Barnett, and Denise Barnett under a Mortgage Note. *See id.*

On March 1, 2012, Plaintiff filed an amended complaint, which converted this action to one seeking to foreclose on a mortgage owned by Plaintiff.  *See id.* at ¶ 6.  Upon the filing of the amended complaint, Defendant M&C was added as a defendant solely because Defendant M&C holds a subordinate mortgage affecting the mortgaged premises being foreclosed herein.  *See id.* at ¶ 7.

On March 12, 2012, Plaintiff filed with the Court an affidavit of service, attesting that the summons and amended complaint were properly served on Defendant M&C on March 8, 2012. *See* Dkt. No. 42.  On May 16, 2012, the attorney for Defendant M&C, David Pisanelli, officially acknowledged and accepted service on behalf of his client.  *See* Dkt. No. 55-2 at 1-2.  Defendant M&C failed to respond to the amended complaint or otherwise appear in this action.

On August 14, 2012, Plaintiff requested that the Clerk of the Court enter a certificate of entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 55.1.  *See* Dkt. No. 67.  On August 22, 2012, the Clerk of the Court entered the requested default. *See* Dkt. No. 68.  Plaintiff now asks the Court for entry of default judgment against Defendant M&C.  *See* Dkt. No. 75.

## III. DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 5:10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Id.* (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

In the present matter, the Court finds that Plaintiff is entitled to an entry of default judgment against Defendant M&C.  New York Real Property Actions and Proceedings Law § 1331 provides that the necessary parties to a mortgage foreclosure action include: "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff."  N.Y.R.P.A.P.L. § 1311(3).  This rule "derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *N.C. Venture I, L.P. v. Complete Analysis, Inc.*, 22 A.D.3d 540, 542-43 (2d Dep't 2005) (quoting *Polish Nat'l Alliance v. White Eagle Hall Co.*, 98 A.D.2d 400, 470 N.Y.S.2d 642, 646 (2d Dep't 1983)).

Here, the amended complaint contains well-pleaded allegations asserting that Defendant M&C is named as a defendant because it holds a mortgage on the property at issue that is

subordinate to Plaintiff's.  *See* Dkt. No. 39 at ¶ 7.  Defendant M&C's failure to respond to the amended complaint constitutes a concession to this well-pleaded allegation of liability.

Moreover, in accordance with Local Rule 55.2, Plaintiff has amply demonstrated that Defendant M&C is not in military service, an infant or an incompetent, and that the party was property served under Rule 4 of the Federal Rules of Civil Procedure.  *See* Dkt. No. 75;  LOCAL RULES N.D.N.Y. 55.2(a).  As such, the Court finds that Plaintiff has met its burden and is entitled to an entry of default judgment.  *See Bank of America, N.A. v. 3301 Atlantic, LLC*, No. 10-CV-5204, 2012 WL 2529196, *14 (E.D.N.Y. June 29, 2012) (holding that "[c]ourts have found that entry of a default judgment under Fed. R. Civ. P. 55 is appropriate where the complaint alleges 'nominal liability—*i.e.*, that any judgments the Defaulting Defendants may have against [the debtor], if liens on the mortgaged property, are subordinate to the [plaintiff's] lien'" (quotation and other citations omitted); *see also Greystone Bank v. Skyline Woods Realty, LLC*, 817 F. Supp. 2d 57, 66 (N.D.N.Y. 2011); *First Trade Union Bank v. Formerly 8th St., LLC*, No. 10-CV-5284, 2011 WL 3877077, *1 (E.D.N.Y. Aug. 13, 2011); *Debcon Fin. Servs., Inc. v. Orange Realty Corp.*, No. 99-CV-270, 2005 WL 1606393, *2 (E.D.N.Y. Feb. 16, 2005) (citation omitted).[1]

### IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

---

[1] The Court notes that Plaintiff "is not seeking an award of money damages" against Defendant M&C.  *See* Dkt. No. 75-1 at ¶ 21.  Plaintiff is merely seeking a judgment that Defendant M&C, "and all persons claiming by, through, or under it subsequent to the filing of the notice of pendency of this action, be forever barred and foreclosed of all estate, right, claim, interest, lien, title or equity of redemption of, in, and to the mortgaged premises being foreclosed herein, and each and every part and parcel thereof."  *See id.*

**ORDERS** that Plaintiff's motion for default judgment is **GRANTED**; and the Court further

**ORDERS** that Defendant M&C, and all persons claiming by, through, or under it subsequent to the filing of the notice of pendency of this action, are forever barred and foreclosed of all estate, right, claim, interest, lien, title or equity of redemption in, of, and to the mortgaged premises being foreclosed herein, and each and every part and parcel thereof; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant M&C by Certified Mail, Return Receipt Requested, and file the returned receipt using the Court's electronic filing system.[2]

**IT IS SO ORDERED.**

Dated: March 18, 2013
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[2] The Court notes that this Memorandum-Decision and Order pertains only to Plaintiff's claims against Defendant M&C.