UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UFP ATLANTIC DIVISION, LLC *a Michigan limited liability company*,

                              **Plaintiff,**

    vs.                                               1:12-cv-00053
                                                           (MAD/ATB)

**ROUTE 299 RETAIL CENTER, LLC** *a New York limited liability company*, **MICHAEL BARNETT,** *an individual*, **DENISE BARNETT,** *an individual*, **HIGHLAND SQUARE DEVELOPMENT, LLC, P. SALA & SONS CONSTRUCTION, INC., TECTONIC ENGINEERING & SURVEYING CONSULTANTS, P.C., CREIGHTON MANNING ENGINEERING LLP, JOHN DOES 1-10** *said names being fictitious and unknown to Plaintiff, the persons or parties intended being any and all tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the Amended Complaint*,

                              **Defendants.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**ISEMAN, CUNNINGHAM,**            **RICHARD A. MITCHELL, ESQ.**
**REISTER & HYDE, LLP**              **MICHAEL W. DEYO, ESQ.**
9 Thurlow Terrace
Albany, New York 12203
Attorneys for Plaintiff

**ROUTE 299 RETAIL CENTER, LLC**
Defendant *pro se*

**MICHAEL BARNETT**
10 Wintergreen Place
Hopewell Junction, New York 12533
Defendant *pro se*

**DENISE BARNETT**
6 Heather Court
Fishkill, New York 12524
Defendant *pro se*

**HIGHLAND SQUARE DEVELOPMENT LLC**
Defendant *pro se*

**CORBALLY, GARTLAND, AND**     **WILLIAM W. FRAME, ESQ.**
**RAPPLEYEA, LLP**
35 Market Street
Poughkeepsie, New York 12601
Attorneys for Defendant P. Sala &
Sons Construction, Inc.

**MILBER MAKRIS PLOUSADIS**     **PATRICK F. PALLADINO, ESQ.**
**SEIDEN, LLP**
1000 Woodbury Road
Suite 402
Woodbury, New York 11797
Attorneys for Defendant Tectonic
Engineering & Surveying
Consultants, P.C.

**DRIVER GREENE, LLP**     **JOHN D. HOGGAN, JR., ESQ.**
90 State Street
Suite 1011
Albany, New York 12207
Attorneys for Defendant Creighton Manning
Engineering, LLP

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff brought this action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") section 1301 *et seq*, seeking to foreclose on a mortgage and obtain judgment on a separate promissory note. *See* Dkt. No. 39 at ¶ 1. Currently before the Court is Plaintiff's motion to confirm the Referee's Report of Sale, and for leave to enter a deficiency judgment

2

against Defendants Route 299 Retail Center, LLC ("Route 299"), Michael and Denise Barnett, and Highland Square Development, LLC ("Highland").  *See* Dkt. No. 105-3.

## II. BACKGROUND

This action was commenced on June 17, 2011 to recover a debt owed by Defendants Route 299, Michael Barnett, and Denise Barnett under a mortgage note.  *See* Dkt. No. 1-2.  On March 1, 2012, Plaintiff filed an amended complaint, which converted this action into one seeking to foreclose on a mortgage owned by Plaintiff.  *See* Dkt. No. 39.  The mortgage encumbers certain real property owned by Highland, which is commonly known as 50-70 State Route 299, Town of Lloyd, County of Ulster, New York.  *See id.* at ¶ 18.  The mortgage also encumbers real property owned by Route 299, which is commonly known as 20-40 State Route 299, Town of Lloyd, County of Ulster, New York (together, the "Mortgaged Property").  *See id.* at ¶ 20.  In its amended complaint, Plaintiff also added M&C of Dutchess, LLC,[1] P. Sala and Sons Construction, Inc., Tectonic Engineering and Surveying Consultants, P.C., Creighton Manning Engineering, LLP, and unknown parties referred to as "John Doe" Defendants because each of these entities may claim to have an interest in the Mortgaged Property.  *See id.* at ¶¶ 7-12.

On or around December 16, 2010, Highland and Route 299 executed and delivered to Plaintiff a promissory note in the principle amount of $5,000,000.00.  *See id.* at ¶ 25; Dkt. No. 39-6 at 35-39.[2]  Pursuant to the note, Highland and Route 299 are each jointly and severally liable for all amounts due under the note.  *See* Dkt. No. 39 at ¶ 26.  To secure payment of the note,

---

[1] M&C of Dutchess, LLC is no longer a party in this action.  *See* Dkt. No. 80.

[2] To avoid confusion, whenever the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

Highland and Route 299 executed and delivered to Plaintiff a mortgage in the principle amount of $5,000,000.00. *See id.* at ¶ 27; Dkt. No. 39-6 at 42-51. To further secure payment of the note, Route 299, Highland, Michael Barnett, and Denise Barnett assigned to Plaintiff a life insurance policy covering the life of Michael Barnett as collateral. *See* Dkt. No. 39 at ¶ 32; Dkt. No. 39-7 at 3-6. Moreover, Mr. and Mrs. Barnett personally guaranteed all indebtedness of Route 299 and Highland owed to Plaintiff under the note. *See* Dkt. No. 39 at ¶¶ 36-37; Dkt. No. 39-7 at 58-61.

Defendants Route 299, Highland, Michael Barnett, and Denise Barnett subsequently failed to comply with the terms and provisions of the note and mortgage. Route 299 and Highland did not make timely interest payments, and Route 299 caused the property to become encumbered by a separate mortgage and various liens. *See* Dkt. No. 39 at ¶¶ 57, 62. Similarly, these Defendants failed to pay the premium due on the life insurance policy. *See* Dkt. No. 39 at ¶ 59. Plaintiff notified them of their default and demanded full and immediate payment of all amounts due under the note. *See* Dkt. No. 39 at ¶¶ 63-66. Upon Defendants' failure to make full and immediate payment, Plaintiff sought a judicial sale of the Mortgaged Property to satisfy the amount owed to it. *See id.* at ¶ 95.

In a Judgment of Foreclosure and Sale dated March 21, 2013, this Court ordered the sale of the Mortgaged Property. *See* Dkt. No. 82. On June 5, 2013, the Referee appointed by the Court, William N. Cloonan, held a public auction and sold the Mortgaged Property to Plaintiff for the sum of $1,000,000.00. *See* Dkt. No. 92 at 1. The deed was delivered on July 30, 2013. *See* Dkt. No. 105-1 at ¶ 5.

In a Decision and Order dated August 28, 2013, Magistrate Judge Baxter granted Hiscock and Barclay, LLP's motion to withdraw as counsel for Route 299, Michael and Denise Barnett, and Highland. *See* Dkt. No. 93. The Court ordered that Michael and Denise Barnett obtain

counsel by September 30, 2013 to represent themselves and their related entities. *See id.* The Court also warned them that their failure to comply with the order could result in a default judgment against them. *See id.* There is no indication that Mr. and Mrs. Barnett have since obtained counsel in this action or complied with the Court's orders. Moreover, they failed to participate in a mandatory telephone conference on June 26, 2014.

On October 4, 2013, Plaintiff filed a motion to confirm the Referee's Report of Sale and for leave to enter a deficiency judgment pursuant to the RPAPL against Defendants Route 299, Michael and Denise Barnett, and Highland. *See* Dkt. No. 105-1. Plaintiff contends that "the deficiency is in the sum of $6,840,458.15, less the maximum fair and reasonable value of the property as $1,000,000, yielding a net deficiency pursuant to the terms of New York Real Property Actions and Proceedings Law § 1371 of $5,840,458.15." *Id.* at ¶ 9.

Currently before the Court is Plaintiff's motion for leave to enter a deficiency judgment. *See* Dkt. No. 105.

### III. DISCUSSION

**A.     Motion to confirm**

Plaintiff has moved pursuant to Section 1355 of the RPAPL to confirm the Referee's Report of Sale. Defendants have not opposed Plaintiff's motion, and Plaintiff has met all the requirements under RPAPL § 1355. Accordingly, the Court grants Plaintiff's motion to confirm the Referee's Report of Sale.[3]

---

[3] While the Court confirms the Referee's Report of Sale to the extent that it reflects that a deficiency exists, the aspect of the Referee's Report which purports to set forth the actual amount of deficiency is excepted from this Order.

5

**B.      Motion for leave to file a deficiency judgment**

RPAPL § 1371(2) provides as follows:

> Simultaneously with the making of a motion for an order confirming the sale, provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action.  Such notice shall be served personally or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment.  Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee's fee and disbursements, less the market value as determined by the court or the sale price of the property whichever shall be the higher.

N.Y. R.P.A.P.L. § 1371(2).  In other words, "RPAPL 1371(2) permits the mortgagee in a mortgage foreclosure action to recover a deficiency judgment for the difference between the amount of indebtedness on the mortgage and either the auction price at the foreclosure sale or the fair market value of the property, whichever is higher."  *BTC Mtge. Invs. Trust 1997–SI v. Altamont Farms*, 284 A.D.2d 849, 849-50 (3d Dept. 2001) (citing *Columbus Realty Inv. Corp. v. Gray*, 240 A.D.2d 529, 530 (2d Dept. 1997); *Marine Midland Bank v. Harrigan Enters.*, 118 A.D.2d 1035, 1037 (3d Dept. 1986)).  "The mortgagee has the initial burden to make a prima facie showing of the fair market value of the property as of the foreclosure sale date", *id.* at 850 (citations omitted), and whether the mortgagee meets that initial burden presents "a factual

6

question for the court to resolve based on the entire record." *Marine Midland Bank*, 118 A.D.2d at 1037 (citation omitted).

The price at which the foreclosed property is sold is not necessarily determinative of fair market value.

> A court determining the fair market value of mortgaged property can take a variety of factors into consideration, including the price actually obtained at the foreclosure sale. 79 N.Y. Jur. 2d Mortgages § 809 (Updated 2011) ("The court should receive evidence of the age and construction of the buildings on the premises, the rent received therefore, assessed value, location, condition of repair, and sale price of property of a similar nature in the neighborhood, conditions in the neighborhood which affect the value of property therein, accessibility, and all other elements which may be fairly considered as affecting the market value of real property in a given neighborhood." (quoting *Heiman v. Bishop*, 272 N.Y. 83, 4 N.E.2d 944, 946 (1936))). *But cf.* 79 N.Y. Jur. 2d Mortgages § 810 (Updated 2011) (noting while foreclosure in an ordinary market furnishes some criterion of the value of the realty, an emergency foreclosure with no bidders other than a plaintiff is not a true criterion of value (citing *Central N.Y. Mortg. & Title Co. v. Williams*, 155 Misc. 376, 279 N.Y.S. 451 (N.Y. Sup. Ct. 1935))).

*In re Ebadi*, 448 B.R. 308, 314-15 (Bkrtcy. E.D.N.Y. 2011).

Here, the deed was delivered on July 30, 2013, and Plaintiff's motion was filed on October 4, 2013. *See* Dkt. No. 105; Dkt. No. 105-1 at ¶ 5. Thus, Plaintiff's motion was timely served within ninety (90) days. However, Plaintiff has submitted no evidence establishing the fair market value of the property at the time of the auction. Plaintiff's only statement regarding the fair market value was a conclusory assertion made by Plaintiff's counsel that "[u]pon information and belief, the fair and reasonable value of the premises on June 5, 2013, was not in excess of $1,000,000.00." Dkt. No. 105-1 at ¶ 8. This conclusory statement, without any evidence to support it, is not sufficient for the Court to determine the fair market value of the property. *See Flushing Sav. Bank, FSB v. Bitar*, 106 A.D.3d 690, 691 (2d Dept. 2013) (holding that the plaintiff

7

did not establish fair market value when it "submitted only a four-paragraph affidavit of a licensed real estate appraiser setting forth his opinion as to the fair market value of the premises on the date of the foreclosure sale"). Since the Court must subtract the higher of either the fair market value or the sale price of the property when calculating the amount of a deficiency, *see* N.Y. R.P.A.P.L. § 1371(2), the Court cannot grant Plaintiff's motion for leave to enter a deficiency judgment without first determining the fair market value of the property.

Accordingly, Plaintiff's motion for leave to enter a deficiency judgment is stayed. Plaintiff is directed to submit sufficient evidence establishing the fair market value of the property within thirty (30) days of the signing and filing of this Memorandum-Decision and Order. If Plaintiff fails to submit such evidence, its motion for leave to file a deficiency judgment will be denied without further order of this Court.

**C.    Defendants Michael Barnett and Denise Barnett**

As previously discussed, Defendants Michael and Denise Barnett failed to comply with Magistrate Judge Baxter's order requiring them to retain new counsel for Defendants Route 299 and Highland, which they have failed to do. *See* Dkt. No. 93 at 2-3 & n.1. Further, pursuant to a text order dated June 18, 2014, all parties were ordered to participate in a telephone conference set for June 26, 2014. *See* Text Notice dated June 18, 2014. Again, Defendants Michael and Denise Barnett failed to comply with this order. The Court warns Defendants Michael and Denise Barnett that any future failures to abide by orders of this Court will result in the imposition of sanctions, unless they are able to demonstrate cause as to why such sanctions would be inappropriate.

## IV. CONCLUSION

After carefully reviewing the entire record in this manner, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to confirm the Referee's Report of Sale is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for leave to file a deficiency judgment is **STAYED**; and the Court further

**ORDERS** that if Plaintiff fails to submit evidence establishing the fair market value of the property within thirty (30) days of this Memorandum-Decision and Order, Plaintiff's motion will be denied and dismissed without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 2, 2014
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge